

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Olan R. Van Zandt, Chairman
Joint Legislative Advisory Committee
Austin, Texas

Dear Sir:

Opinion Number 0-4916
Re: Payment of transportation
of scholastics under Rural
Aid Bill (Acts 1941, Ch. 549).

This department on October 7, 1942, rendered Opinion No. 0-4855-A which dealt with Section 1, Article VIII of the current Rural Aid Bill (Acts 1941, 47th Leg., R. S., Ch. 549, H. B. 284, p. 860). Section 1 of Article VIII authorized a school district unable to maintain a satisfactory school to transfer its entire scholastic enrollment, or any number of grades thereof, for the school year 1941-42, to a convenient school of higher rank. We held in Opinion No. 0-4855-A that a pupil transferred under Article 2696, Vernon's Annotated Civil Statutes, to the enrollment of another district prior to the time of the transfer of the entire scholastic enrollment under Section 1 of Article VIII was not included in such transfer for the reason that he was no longer on the scholastic enrollment of the sending school district. We further held that the fact that the grade which such pupil attends in the school to which he was transferred was also taught in the district to which the entire scholastic enrollment was transferred under Section 1 of Article VIII did not preclude the payment of transportation aid for such pupil. (See Section 2, Article V of the Rural Aid Bill which prohibits the granting of transportation aid for pupils who attend a grade in another school which grade is taught in such pupils' home district.)

You now wish to know whether the same ruling will apply for transfers made under Section 2 of Article VIII for the present 1942-43 school year. Specifically, your question is as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Olan R. Van Zandt, page #2

"1. Will the same rule or construction be applicable for the current year under the provisions of Section 2, Article VIII of the Act above cited?"

Section 2 of Article VIII provides as follows:

"Sec. 2.  For the school years thereafter, upon the agreement of the Board of Trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the county superintendent, and the State Superintendent, a district which may be unable to maintain a satisfactory school may transfer its entire scholastic enrollment for one year to an accredited school of higher rank.  If the receiving school receives State Aid, the scholastic census rolls both white and colored shall be combined, the per capita apportionment shall be paid direct to the receiving school, all local taxes of the sending contracting district, except those going to the interest and sinking fund shall be credited to the receiving school by the Tax Collector as collected, and the teacher-pupil quota shall be based on the combined census total.  If the receiving school is not a State Aid school, the scholastic census rolls both white and colored shall be combined, the per capita apportionment shall be paid direct to the receiving school, all local taxes of the sending contracting district except those going to the interest and sinking fund shall be credited to the receiving school by the Tax Collector as collected, and the sending contracting district will be eligible for as much Salary Aid as is necessary to supplement the State Available and Local Maintenance Funds,

Honorable Alan R. Van Zandt, page #3

on the scholastics from the sending district attending a school in the receiving district, to cover the approved cost of instruction per scholastic in the receiving school, provided that such approved cost shall not exceed Seven Dollars and Fifty Cents ($7.50) per month for high school students or Five Dollars ($5.00) per month for elementary students." (Emphasis added).

All that part of Section 2, beginning with the underscored sentence and continuing to the end of the paragraph, is new and not included in Section 1. You will notice that provision is made for the combination of the census rolls. See Opinion No. O-4524. Thus, the transfer is made more complete than a transfer under Section 1 for the school year 1941-42. A transfer under Section 2 more closely resembles a consolidation of the two districts for a one-year period.

Under Article 2816, et seq., Vernon's Annotated Civil Statutes, between March 1st and April 1st a scholastic census shall be taken of all children who are residents of the district and who will be over 7 and under 18 years of age on the first day of the following September. When a transfer is made under Section 2, then the census rolls of the two districts shall be combined.

Section 2, Article V of the current Rural Aid Bill provides, in part, the following:

"Sec. 2.   In no instances may aid be granted for pupils transported who attend a grade in another school which grade is taught in such pupil's home district."

In line with our Opinion No. O-4855 it is our opinion that when a transfer is made under Section 2 of Article VIII, the receiving district becomes the home district of those pupils on the census rolls of the sending district insofar as

the payment of transportation aid is concerned. Our answer to your question is, therefore, a negative one.

This conclusion would in no way affect the right and power to transfer under the general law, and would in no way vitiate any such transfer. See Article 2696, Vernon's Annotated Civil Statutes. It would affect only the granting of transportation aid. In other words where a transfer is made and the census rolls combined under Section 2 of Article VIII, transportation aid may not be granted for a pupil on such rolls who attends a grade in a school district other than the receiving district under the transfer agreement if such grade is taught in the receiving district. Section 2, Article V, H. B. 284, Acts 47th Leg., R. S.

This opinion passes only on the question asked and is expressly limited accordingly.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_
George W. Sparks
Assistant

GWS-s

APPROVED OCT 22, 1942

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS